HERBERT S. SISSON, as State Commissioner of Excise of the State of New York, Respondent, v. 134 CASES OF ALE, LAGER AND DIVERS OTHER LIQUORS. WEST END BREWING COMPANY, Claimant, Appellant.

*Intoxicating liquors — Liquor Tax Law, section 33 — when evidence sufficient to authorize confiscation of liquor.*

Appeal from a judgment of the Oneida County Court, entered in the office of the clerk of Oneida county September 17, 1919, on the verdict of a jury, forfeiting and confiscating liquors kept at the premises 100 Jasper street, in the city of Rome, and also from an order, entered October 14, 1919, denying a motion for a new trial made upon the minutes.

PER CURIAM: While the evidence is sufficient to show that the bottled beer was stored and kept for the purpose of sale and distribution in violation of the statute, that of itself does not warrant confiscating the entire stock. It was only such as was to be sold and distributed in violation of the statute that is required to be confiscated.* It was lawful to dispose of the beer and ale in the original kegs and barrels containing five gallons or more, and the undisputed proof shows that none of the beer was bottled at the place of storage, but all bottled beer was bottled at Utica. We think the verdict of the jury is contrary to law and against the evidence, as regards the beer in kegs and barrels and that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur; Hubbs, J., in result only. Judgment and order reversed and new trial granted, with costs [to appellant to abide event. The reversal is upon questions of law and also upon the ground that the finding of the jury as regards the beer in kegs and barrels is contrary to and against the evidence.

---

* See Liquor Tax Law, § 33, as amd. by Laws of 1913, chap. 614, and Laws of 1916, chap. 417.— [REP.